STATE OF WEST VIRGINIA

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BOBBY HALL,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0685**  (BOR Appeal No. 2049238)
                    (Claim No. 2008010824)

**GEMARK SERVICES OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bobby Hall by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gemark Services of West Virginia, Inc., by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 25, 2014, in which the Board affirmed a February 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 23, 2013, decision denying a request for authorization of the medication Percocet. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 11, 2007, Mr. Hall sustained an open fracture of the left ankle when he was struck by a large pallet of newspapers. Immediately following the injury, Steven O'Saile, D.O., performed an open reduction of the left ankle with both internal and external fixation. Following continuing pain in the left ankle, Dr. O'Saile performed a surgical fusion of the ankle to treat progressively worsening fibrotalar arthritis. Dr. O'Saile requested authorization for the medication Percocet on May 22, 2013. On August 23, 2013, the claims administrator denied Dr. O'Saile's request.

1

On October 22, 2013, A. E. Landis, M.D., examined Mr. Hall. Dr. Landis opined that Mr. Hall suffers from post-traumatic arthritis and will continue to require treatment in order to maintain his current level of function and control his chronic residual pain. Dr. Landis noted that Mr. Hall was currently taking the medication Lortab for pain relief. On November 7, 2013, Dr. O'Saile was deposed. He testified that he is not familiar with the statutory treatment guidelines contained in West Virginia Code of State Rules § 85-20 (2006), but further stated that he believes Mr. Hall continues to require narcotic pain medication to effectively treat breakthrough pain. However, Dr. O'Saile testified that he no longer recommends that Mr. Hall be treated with Percocet and has instead prescribed Lortab for the treatment of Mr. Hall's breakthrough pain.

In its Order affirming the August 23, 2013, claims administrator's decision, the Office of Judges held that the request for authorization of the medication Percocet exceeds the treatment guidelines governing the use of narcotic pain medication contained in West Virginia Code of State Rules § 85-20-53.14 (2006), and further held that the evidence of record fails to establish that Mr. Hall's is an extraordinary case warranting treatment outside of the statutory treatment guidelines. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 25, 2014.

At the outset, this Court notes that it appears from the evidence of record that Mr. Hall is no longer being treated with the medication Percocet. West Virginia Code of State Rules § 85-20-53.14 governs the use of Schedule II narcotics, including Percocet, and provides that Schedule II narcotics should be prescribed on an outpatient basis for no longer than two weeks following the initial injury or a subsequent surgical procedure. The Office of Judges noted that Mr. Hall's most recent surgery occurred on February 25, 2013, while Dr. O'Saile's request for authorization of the mediation Percocet did not occur until May 22, 2013, well outside the two-week statutory time frame. The Office of Judges then found that pursuant to West Virginia Code of State Rules § 85-20-4.1 (2006), in order for an injured worker to receive treatment outside of the statutorily prescribed treatment guidelines, extraordinary circumstances requiring additional treatment must exist. The Office of Judges further found that although Mr. Hall's initial injury was substantial, the evidence of record does not establish that his is an extraordinary case requiring treatment in excess of the treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II